**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Dale A. LUNDBERG, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 2001.
Filed May 8, 2001.

———

Dale A. Lundberg, Imperial, appellant, in propria persona.

Amy E. Constantine, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before JOHNSON, STEVENS and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County on June 9, 1999, following appellant's summary conviction for parking in a space reserved for handicapped persons and disabled veterans in violation of 75 Pa.C.S.A. § 3354(d)(3). For his conviction, appellant was fined $ 200.00. Herein, appellant claims that his conviction cannot stand because the handicapped parking space was not properly posted in accordance with Department of Transportation regulations. Upon review, we are constrained to vacate appellant's conviction.

¶ 2 In this case, it is undisputed that appellant parked in a space in front of the Hillman Library in Oakland that was marked with the familiar, handicapped reserved parking sign which is officially designated as sign number R7–8. See 67 Pa.Code § 211.241. Appellant contests his conviction on the grounds that the parking space was improperly marked in that the sign did not state the penalty amount and indicate that vehicles in violation may be towed.

¶ 3 Appellant was charged with violating 75 Pa.C.S.A. § 3354(d)(3)(i), which, in pertinent part, provides:

Except for persons parking vehicles lawfully bearing a handicapped or severely disabled veteran registration plate or displaying a handicapped or severely disabled veteran parking placard when such vehicles are being operated by or for the transportation of a handicapped person or a severely disabled veteran, no person shall park a vehicle on public or private property reserved for a handicapped person or severely disabled veteran which property has been so posted in accordance with departmental regulations which shall require a sign stating the penalty amount indicated in subsection (f), a sign indicating that vehicles in violation of the subsection may be towed and require that signs be replaced when they become either obsolete or missing[.] [1]

¶ 4 The lower court rejected appellant's claim that proper posting in accordance with departmental regulation is an element of the crime. Although we find appellant's conduct reprehensible, since it is undisputed that the spot in which he parked was reserved for handicapped persons, he, nevertheless, is correct in his argument that his conviction cannot stand since the parking space was not properly posted.

 ¶ 5 The statute is clear. To be convicted of violating § 3354, the statute expressly requires that the person park his vehicle in a space reserved for handicapped persons or severely disabled veterans "which property has been so posted in accordance with departmental regulations which *shall* require a sign stating the penalty amount indicated in subsection (f), a sign indicating that vehicles in violation of

1. Subsection (f) provides that the fine for violating § 3554(d)(3) is not less than $50.00, nor more than $200.00.

the subsection may be towed and require that signs be replaced when they become either obsolete or missing[.]" 75 Pa.C.S.A. § 3354(d)(3)(i) (emphasis added). While the space in question was marked with sign R7–8 in accordance with 67 Pa.Code § 211.241, it was not posted in accordance with 67 Pa.Code § 217.4(c), which provides as follows:

(c) *Designation of reserved stalls for handicapped persons or severely disabled veterans.* The Reserved Parking Sign, R7–8, as defined in § 211.241 (relating to Reserved Parking Sign R7–8) shall be used to designate reserved parking stalls for handicapped persons or severely disabled veterans. The Reserved Parking Penalties Sign, R7–8B, which indicates the minimum and maximum fine for violators and that violators may be towed shall be installed below the Reserved Parking Sign, R7–8.[2]

¶ 6 Since there was not a sign indicating the minimum and maximum fine and possibility of towing, the space in which appellant was parked when he was cited was posted neither in compliance with the statute nor the Department of Transportation Regulations. Accordingly, we are convinced that appellant may not be convicted of violating 75 Pa.C.S.A. § 3354(d).

■ ¶ 7 The Commonwealth argues that since 75 Pa.C.S.A. § 3354(d) and 67 Pa. Code § 217.4(e)[3] both provide for replacement of the penalty sign when it becomes missing or obsolete, the absence of that sign does not mandate reversal of appellant's conviction. In other words, the statute itself anticipates the possibility of con-

viction when the penalty sign is missing as it was in the present case. While this argument is, at first blush, convincing, we must reject it on the record before us. The Commonwealth's argument amounts to a presumption that the handicapped parking space was properly posted at some point in the past and that appellant has the burden of rebutting that presumption. However, the Commonwealth presented absolutely no evidence that the penalty sign was at one time properly posted and only shortly before appellant's citation went missing. Thus, the Commonwealth did not present any evidence that the parking space *ever* complied with the statute and handicapped parking space regulations. Had it presented such evidence, its present argument would, at least, be more persuasive. Without such evidence, we must reject it based upon the Commonwealth's failure to comply with 75 Pa. C.S.A. § 3354(d)(3).

■ ¶ 8 The Commonwealth also argues that we should not adopt a "hyper-technical interpretation of the statute, especially in light of the clear fact that appellant suffered no prejudice in understanding the meaning of the sign, a universally understood emblem, which lacked information only concerning its collateral consequences." Appellee's Brief, p. 10. Certainly, "[e]very statute shall be construed, if possible, to give effect to all of its provisions." 1 Pa.C.S.A. § 1921(a). Significantly, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the

---

**2.** We note that the Pennsylvania Code does not contain a graphic depiction of reserved parking penalties sign R7–8B, like it does for reserved handicapped parking sign R7–8.

**3.** Subsection (e) provides: "Whenever signs required to implement the provisions of subsection (c) become either obsolete or missing,

they shall be replaced with new official signs as rapidly as is feasible. The costs associated with the installation and replacement of the required signs for a particular location shall be borne by the owner or person in control of the property on which the signs are to be erected."

pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).[4] Presently, we believe the words of the statute are clear. The handicapped parking statute expressly requires posting in accordance with the departmental regulations which *"shall"* require a sign which states the possible penalty for violation and indicates the possibility of towing. Were we to adopt the Commonwealth's argument, we would, in effect, disregard the letter of the law under the pretext of pursuing its spirit in violation of the rules of statutory construction. If the Legislature did not intend for the proper posting of a penalty sign to be an element of the offense, it could have simply omitted this provision as it has for a multitude of traffic offenses.

¶ 9 In sum, we vacate appellant's conviction, since the Commonwealth did not prove that the handicapped parking space in which appellant was parked when cited was properly posted as required by 75 Pa.C.S.A. § 3354(d)(3)(i). However, regardless of our holding, we chastise appellant for his reprehensible behavior, and we hope the Legislature will see fit to remedy mischief which the current language of the statute may invite.

¶ 10 Judgement of sentence vacated. Appellant is discharged.

---

4. We are required to interpret and construe the provisions of the Vehicle Code as to effectuate its general purpose. 75 Pa.C.S.A. § 103.